NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KISHMA L. FLEMING,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-2080

---

Petition for review of the Merit Systems Protection Board in No. AT-844E-21-0223-I-1.

---

Decided:   February 15, 2022

---

KISHMA L. FLEMING, Augusta, GA, pro se.

ELIZABETH WARD FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before HUGHES, MAYER, and STOLL, *Circuit Judges.*

PER CURIAM.

After the Office of Personnel Management rescinded its final decision in Kishma Fleming's case, the Merit Systems Protection Board determined that it lacked jurisdiction and dismissed Ms. Fleming's appeal. Ms. Fleming appeals the Board's dismissal. We affirm because without a final decision to review, the Board lacks jurisdiction to continue with an appeal. Ms. Fleming may appeal to the Board again when the Office of Personnel Management issues a new final decision.

## BACKGROUND

Ms. Fleming applied for disability retirement twice. This appeal arises from her second application.

Ms. Fleming first applied for disability retirement in 2016. Appx15.[1] The Office of Personnel Management (OPM) issued a final decision denying her application. Appx14. Ms. Fleming appealed to the Merit Systems Protection Board. In that appeal, number AT-844E-19-0309-I-1, an administrative judge upheld OPM's denial. Appx2 n.1. Ms. Fleming filed a petition for review by the full Board, which the full Board has not yet decided. Appx2 n.1; *see* Appx4 (explaining that the full Board is currently unable to issue decisions on petitions for review because it does not have enough members at this time).

In 2020, Ms. Fleming filed a second application for disability retirement. Appx23. On January 26, 2021, OPM issued a final decision denying Ms. Fleming's second application, concluding:

[T]he documentation submitted failed to establish a medical condition which exists continuously at a disabling severity. . . . [Y]our performance appraisal indicates a rating of "outstanding" and

---

[1]    Appx refers to the appendix submitted with Respondent's brief.

> stated you are fully successful or better regarding all critical elements of your position. There were no long-term restrictions or limitations imposed by your treating physicians which indicate you will be unable to attend the workplace or complete the duties of your job. [OPM] has concluded that as you do not meet all the criteria necessary, you are not entitled to disability retirement at this time.

Appx25. Ms. Fleming appealed to the Board on February 10, 2021. Appx1 (appeal number AT-844E-21-0223-I-1).

On June 8, 2021, OPM told the Board that it had rescinded its decision on Ms. Fleming's second application. As OPM explained, the filing of a second application for disability retirement may cause the first application to become moot. Appx30. OPM explained that it needs to determine whether Ms. Fleming's first application is moot in order to decide how to treat her second application. Appx30–31. If Ms. Fleming's first application is not moot, OPM will treat her second application as an amended version of the first application, instead of as an entirely separate application. Appx30–31. OPM stated that once it makes a mootness determination, it will issue a new final decision on Ms. Fleming's second application, which will give Ms. Fleming a new right to appeal. Appx2, 31. Having rescinded its final decision on Ms. Fleming's second application, OPM filed a motion with the Board to dismiss Ms. Fleming's appeal number AT-844E-21-0223-I-1, on her second application, for lack of jurisdiction. Appx30.

On June 9, 2021, an administrative judge granted OPM's motion. The administrative judge concluded that the Board lacked jurisdiction over the matter because OPM had rescinded its final decision. Appx2. The administrative judge therefore dismissed Ms. Fleming's appeal on her second application.

On June 11, 2021, Ms. Fleming appealed the administrative judge's initial decision to this Court. The

administrative judge's initial decision became the Board's final decision on July 14, 2021. Appx3. Thus, although Ms. Fleming's appeal to the Federal Circuit was premature, we can hear it because it has since ripened. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9), and our jurisdiction includes "inherent power to determine our own jurisdiction and that of the [B]oard." *Maddox v. MSPB,* 759 F.2d 9, 10 (Fed. Cir. 1985).

In sum, Ms. Fleming filed two appeals with the Board. OPM rescinded its final decision in the second one and stated that it would issue a new decision. The Board dismissed the second appeal, and we now consider whether the Board was correct to dismiss that appeal.

## DISCUSSION

The Board's determination that it lacks jurisdiction is a legal conclusion that we review de novo. *Bryant v. MSPB*, 878 F.3d 1320, 1325 (Fed. Cir. 2017).

The Board has jurisdiction over "an administrative action or order affecting the rights or interests of an individual . . . under the [Federal Employees' Retirement System as] administered by [OPM]." 5 U.S.C. § 8461(e)(1); *see also Miller v. OPM*, 449 F.3d 1374, 1377 (Fed. Cir. 2006). Specifically, the Board has jurisdiction over *final decisions* of OPM under FERS. *See* 5 C.F.R. § 841.308 ("[A]n individual whose rights or interests under FERS are affected by a final decision of OPM may request MSPB to review the decision . . . ."). OPM's rescission of a final decision deprives the Board of jurisdiction over an appeal. *Snyder v. OPM*, 136 F.3d 1474, 1476 (Fed. Cir. 1998). In this case, OPM rescinded its final decision on Ms. Fleming's second petition, causing the Board to lose jurisdiction over her appeal.

The Board has recognized a limited exception: it retains jurisdiction where "dismissal of the appeal could effectively prevent an appellant from obtaining an adjudication of his claim," such as where it appears that

OPM has no intention of issuing a reconsideration decision. *McLaughlin v. OPM,* 62 M.S.P.R. 536, 546–47 (1994). Here, the exception does not apply because OPM has adjudicated Ms. Fleming's successive disability retirement applications and has stated that it intends to do so again. *See* Appx30–31.

OPM has stated that it intends to issue a new final decision. As the Board noted, if Ms. Fleming is dissatisfied with any new final decision OPM may issue regarding her disability retirement, she may appeal OPM's final decision to the Board. *See* 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 841.308.

Ms. Fleming's briefs argue that the Board failed to consider certain medical documentation and other facts in her case. Ms. Fleming can argue these issues before the Board after OPM issues its new decision. The Board was correct to dismiss the appeal because OPM had rescinded its original decision and indicated it would issue a new one.

\*\*\*

The Board's dismissal of Ms. Fleming's appeal number AT-844E-21-0223-I-1 for lack of jurisdiction is

**AFFIRMED**

COSTS

Each party shall bear its own costs.